IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN HENDERSON, Y60652, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| | ) Case No. 26-cv-616-DWD |
| LT. HUNDLEY, ROBERT STARWALT, SGT. D. GILL, HABING, LT. LATHROP, J. GARRETT, REBECCA RIGGS, LATOYA HUGHES, CLARK, CHIEF ADMINISTRATOR, MS. MARSH, JOHN/JANE DOE 1, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Bryan Henderson, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pontiac Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center (Lawrence). Specifically, Plaintiff alleges that the Defendants gave him a plastic bag to commit suicide, encouraged his suicidal behavior, and verbally harassed him while he was on constant watch. The Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under

Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges he entered crisis watch around April 21, 2025, and on May 1, 2025, he was removed from his crisis cell after a serious mental breakdown. (Doc. 1 at 7). He alleges he asked for further mental health assistance on May 1 because the voices he was hearing were overwhelming, but he was simply placed in a new cell. He claims from May 1-4th he asked for additional mental health assistance to no avail, and he was left to lay in his cell as his symptoms deteriorated. He experienced voices, sleeplessness, and hallucinations. Plaintiff claims that on May 5, 2025, Defendant Jane/John Doe came to his cell door, expressed exasperation with Plaintiff, slid a plastic bag under Plaintiff's cell door, and encouraged Plaintiff to die. (*Id.* at 8).

Plaintiff took the bag, placed it over his head and began to experience intermittent consciousness. (*Id.* at 8). He alleges Defendant Starwalt came to his cell, told him to stop playing games, and to hand over the bag. He also alleges that at some point Defendant Clark came to his door and said "go ahead die you weak *** *****, I don't think you got it in you." (*Id.* at 8). Plaintiff alleges Starwalt and Clark were laughing at him. Plaintiff fell

down due to lack of oxygen, but at some point he barricaded his door with a mattress and asked officers to let him die in peace.  He alleges he must have lost consciousness but was awakened by Defendant Hundley yelling at his door to ask what was going on.  (*Id.*).  He overheard Starwalt and Clark tell Hundley that they should just let Plaintiff die and that he had a plastic bag over his head.  (*Id.* at 9).

Hundley then ordered Plaintiff to remove the mattress from the door.  Plaintiff alleges he lost consciousness again and came to with Hundley spraying mace all over his cell.  (*Id.* at 9).  He was ordered to cuff up, and the incident ended.  Later that day Plaintiff was seen by Defendant Marsh, a mental health worker who informed him he would be placed on constant observation.  (*Id.*).  Plaintiff alleges that Defendant Clark sat outside his cell to observe him and repeatedly verbally abused him and encouraged him to commit suicide.  (*Id.*).

Plaintiff alleges that he was released from crisis watch on May 21, 2026, but he still was not receiving appropriate mental health care.  He claims he filed a grievance concerning mental health and all officials involved with his investigation and those who attempted to assist in his suicide.  He claims he was denied due process.  (*Id.*).  Plaintiff faults the defendants for failing to help him and for providing him an object to commit suicide.  He seeks declaratory and monetary damages.  (*Id.* at 10).

Based on the allegations in the Complaint the Court designates the following claims:

> **Claim 1:**     **Eighth Amendment deliberate indifference or cruel and unusual punishment claim against Defendant John/Jane**

> Deo for allegedly giving Plaintiff a plastic bag on May 5, 2025;

**Claim 2:**     **Eighth Amendment deliberate indifference or improper harassment claim against Defendants Starwalt, Clark, and Hundley for their involvement in Plaintiff's self-harm attempt on May 5, 2025.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## DISCUSSION

Generally, verbal harassment must be coupled by other threatening circumstances to rise to the level of a freestanding claim, and it is also necessary for the alleged recipient of the harassment to identify a concrete and reasonable fear associated with the harassment. *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (finding that verbal sexual harassment, accompanied by suggestive gestures, that created a risk both from the harasser and fellow inmates, was sufficient to proceed beyond initial review); *Brand v. Oglesby*, 2021 WL 4262447 at *1 (S.D. Ill. 2021) (finding a claim insufficient where plaintiff alleged that a guard ran into his cell, verbally threatened him, and indicated he would deploy pepper spray if plaintiff moved). Some threats may rise to the level of cruel and unusual punishment. *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009). "The test for what constitutes cruel and unusual punishment is an objective one. It is not the

actual fear of the victim, but what a "reasonable victim" would fear." *Id.*  In *Lisle v. Welborn*, 933 F.3d 705, 716-19 (7th Cir. 2019), the Seventh Circuit found that encouraging a suicidal inmate to kill himself could amount to a violation of the Eighth Amendment if the harasser knew of the inmate's psychological vulnerability and the likelihood that the conduct may cause anguish.

Here, the Court finds Claim 1 sufficient to proceed against the Jane/John Doe officer who allegedly expressed exasperation with Plaintiff while he was on suicide watch, provided him with a plastic bag, and encouraged him to engage in self-harm. Plaintiff's allegations are also sufficient to proceed against Defendants Starwalt and Clark who allegedly knew he was engaging in self-harm and taunted him rather than intervening.  By contrast, Plaintiff may not proceed against Hundley because his allegations do not suggest Hundley encouraged his conduct or knowingly acted to prolong the danger.  By Plaintiff's own assertions, Hundley responded, started asking Starwalt and Clark questions, and ultimately found a way to enter the cell despite a mattress barricading the door to intervene.  These actions do not suggest any deliberate indifference by Hundley, so Claim 2 against Hundley is dismissed without prejudice.

Aside from the four defendants discussed in the previous paragraph, Plaintiff does not make any clear individualized assertions against seven of the eight remaining individuals named in his case caption and list of defendants. Section 1983 liability relies on personal involvement, and a blanket assertion that one or more defendants caused harm is not sufficient to proceed.  *See e.g., Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (the vague assertion that "one or more of the Defendants" in a group caused harm is not

sufficient to plead personal involvement for a Section 1983 claim).  Additionally, naming a defendant in the case caption without attributing any facts to them in the narrative body of the complaint is insufficient.  *See e.g., Black v. Lane,* 22 F.3d 1395, 1401 at n.8 (7th Cir. 1994).  Based on the lack of detail provided, Plaintiff has failed to state a valid claim against Defendants Gill, Habing, Lanthrop, Garrett, Riggs, Hughes, Chief Administrator. As for Defendant Marsh, Plaintiff's only assertion is that she informed him he was to be placed on constant watch after the self-harm attempt.  This bare assertion does not suggest deliberate indifference or wrongdoing by Marsh.

### DISPOSITION

Plaintiff's Motion for Status (Doc. 12) is **GRANTED** by the issuance of this Order.

**IT IS HEREBY ORDERED THAT Claim 1** survives against Defendant John/Jane Doe, and **Claim 2** survives against Defendants Clark and Starwalt.  By contrast, **Claim 2** is insufficient to proceed against Defendant Hundley, and Plaintiff has failed to state a claim against Gill, Habing, Lanthrop, Garrett, Riggs, Hughes, Chief Administrator, and Ms. Marsh.  The Clerk shall **TERMINATE** Hundley, Gill, Habing, Lanthrop, Garrett, Riggs, Hughes, Chief Administrator and Ms. Marsh.

The Clerk shall **ADD** the Warden of Lawrence in official capacity to identify John/Jane Doe.  **Plaintiff shall have 21 days to file a notice with the Court describing John or Jane Doe** with as much detail as possible, such as height, hair color, race, nicknames, etc..  Once Plaintiff files his notice, the Warden will be directed to provide responsive information.  If Plaintiff fails to file a notice, John/Jane Doe may be dismissed for failure to prosecute.

The Clerk of Court is **DIRECTED** to prepare for Defendants Warden of Lawrence (official capacity), Starwalt, and Clark: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule 8.2, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs,

regardless of whether his application to proceed in forma pauperis was granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

**IT IS SO ORDERED.**

**DATED:** July 20, 2026

_____
DAVID W. DUGAN
United States District Judge

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.